IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

v.                                            CIV 06-467 MV/CEG
                                                  CR 01-171 MV

JASON LOSSIAH,

        Defendant-Movant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

        Chief Judge Vázquez entered an order denying Defendant Lossiah's motion requesting that he be released from incarceration pending decision. *See Doc. 13*. The matter is now before the Court on his § 2255 motion, which I recommend be denied.

        The issues are straightforward and the briefs submitted by both parties are well-written, researched, and documented. Because it is possible to resolve the issues on the pleadings, and the record establishes conclusively that Lossiah is not entitled to relief, I find that an evidentiary hearing is not necessary. *E.g., § 2255;* Rule 8(a), *Rules Governing Habeas Corpus Under Section 2255; Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000).

        After Lossiah went to trial a total of three times, the Tenth Circuit affirmed his conviction. *See United States v. Lossiah,* 129 Fed. Appx. 434 (10th Cir.), *cert. denied,* 126 S. Ct. 465 (2005). Each of the three habeas claims flows from the same central premise. That is: (1) after the first trial, Chief Judge Vázquez granted a new trial based on insufficiency of the evidence and,

therefore, the second and third trials violated the Double Jeopardy clause; (2) appointed counsel was ineffective for failing to raise the double jeopardy issue at trial or on appeal; and (3) Defendant is therefore "wrongfully" incarcerated. *See Docs. 1, 2, 10, 11.*

Based on some of the language from the Supreme Court cases he cites, I can appreciate why Defendant would believe he was placed in double jeopardy. This area of the law can be confusing and complicated. However, the key here is that Judge Vázquez ruled on two separate motions. First, her ruling denied the motion for acquittal and, second, it granted the motion for a new trial.

After the first trial she refused to "acquit" Defendant because she found that some of the ten asserted reasons for acquittal were not relevant, and the remaining grounds "concern credibility determinations." She could not "second-guess" the jury and, viewing the evidence in light most favorable to the United States, determined that a rational juror could have found Defendant guilty beyond a reasonable doubt. *See United States v. Lossiah,* CR 01-171 MV (Doc. 94, Memorandum Opinion at 3-4, also attached to § 2255 motion as Exhibit A).

On the other hand, she granted the defense motion for a new trial under FED. R. CRIM. P. 33 for two reasons, one of which was that the evidence was "insufficient." This finding was based on a different, "less stringent standard than a Rule 29 motion for judgment of acquittal" – that is, "'a trial judge considers the credibility of witnesses and weighs the evidence as a thirteenth juror [and] does not view the evidence in the light most favorable to the government.'" *Id.* at 8 (quoting *United States v. Lopez,* 576 F.2d 840, 845 n.1 (10th Cir. 1978)).

A trial court "sufficiency" ruling will only invoke the Double Jeopardy clause when it is the "functional equivalent of an acquittal," meaning that the court ruled "'no rational factfinder

could have voted to convict the defendant.'" *Anderson v. Mullin,* 327 F.3d 1148, 1156 (10th Cir.), *cert. denied,* 540 U.S. 916 (2003) (quoting *Tibbs v. Florida,* 457 U.S. 31, 41 (1982)).[1] Judge Vázquez's decision cannot be characterized as an acquittal because she expressly denied one. Accordingly, the premise for all of the claims fails, and Lossiah's § 2255 motion should be denied.

Wherefore,

---

[1] *See also, e.g., Rivera v. Sheriff of Cook County,* 162 F.3d 486, 487-88 (7th Cir. 1998) ("if after being *488 found guilty the defendant seeks a retrial in the interest of justice under FED. R. CRIM. P. 33 . . . because the evidence is at the borderline of legal sufficiency – the double jeopardy clause does not prevent a court from fulfilling the accused's request. *Tibbs* . . . ; *Hudson v. Louisiana,* 450 U.S. 40 (1981). If it were impossible to hold a new trial when the evidence was close to the line or otherwise questionable, then more defendants would stand convicted on weak evidence; courts would enforce thinly supported verdicts if the only alternative were acquittal. *Tibbs,* 457 U.S. at 45 n. 22."); *United States v. Robertson,* 110 F.3d 1113, 1120 (5th Cir. 1997) ("Because we hold that the district court did not abuse its discretion by granting Robertson's motion for new trial, we now consider the issue of a retrial. The Supreme Court has held that the Double Jeopardy Clause does not preclude retrial when the court has merely determined that, based on the weight of the evidence, the defendant should be afforded a new trial. *Tibbs,* 457 U.S. at 42-43. Thus, we hold that the government is not barred from retrying Robertson."); *United States v. Smith,* 82 F.3d 1564, 1567-68 (10th Cir. 1996) ("if the evidence was insufficient so that a directed verdict of acquittal should have been entered, remand would violate the Double Jeopardy Clause," citing *United States v. Wacker,* 72 F.3d 1453, 1464-65 (10th Cir. 1995), which in turn cites *Burks v. United States,* 437 U.S. 1 (1978).); United States v. Wood, 958 F.2d 963, 967 (10th Cir. 1992) ("The Double Jeopardy Clause is an absolute bar against a subsequent prosecution for the same offense following an acquittal from a jury verdict, *United States v. Ball,* 163 U.S. 662, 671 (1896), a determination by the trial judge that the evidence was insufficient as a matter of law, *Smalis v. Pennsylvania,* 476 U.S. 140, 144 (1986), or a similar determination by a reviewing court, *Burks v. United States,* 437 U.S. 1, 18 (1978). Indeed, we 'attach [such] particular significance to an acquittal,' *United States v. Scott,* 437 U.S. 82, 91 (1978), that it 'bars retrial even if based on legal error,' *Arizona v. Rumsey,* 467 U.S. 203, 211 (1984) . . . . However, Defendant has not been acquitted. The jury found Defendant guilty on count 1. The district court, in denying Defendant's motion for a judgment of acquittal, found the evidence to be sufficient."); *Gooding v. Stotts,* 1995 WL 307566 at * 6 (10th Cir. 1995) ("In determining whether a trial judge's comment constituted an acquittal, we must assess whether the substance of the court's ruling, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged. *United States v. Scott,* 437 U.S. 82, 97 (1978).") (internal quotations omitted).

**IT IS HEREBY RECOMMENDED** that Lossiah's § 2255 motion be denied.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE